HARRY WALMSLEY, Appellant, v. A. C. STOWELL and C. D. STOWELL, Respondents.

Kansas City Court of Appeals, October 6, 1913.

MONEY HAD AND RECEIVED: Voluntary Advancements. Plaintiff, acting as an insurance broker, placed some insurance for a client with another insurance agent. It was a custom of these two having mutual dealings with one another to settle at the end of the month, the one owing the larger amount paying the other the difference between the two accounts. At the end of the month the insurance agent settled with plaintiff deducting the amount of the premiums due on the insurance from the amount due plaintiff. To this plaintiff made no objection. Before plaintiff could collect the amount of the premium from his client, the client died. The insurance companies carrying the insurance afterward went into the hands of receivers, and the agent paid all premiums in his hands to the receivers, including the premium so paid by plaintiff.

After the death of the client, plaintiff attempted to collect the amount advanced in premiums from his client's estate, but the probate court denied his claim, and thereupon plaintiff brought this suit against the agent. *Held*, that the money was voluntarily advanced by plaintiff to pay for his client's insurance, and, since the agent to whom it was advanced had paid it over to the receivers, he could not recover it from the agent on the ground that the insurance was worthless, or on the ground that the agent had appropriated it without plaintiff's consent.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*J. H. Bremmermann* for appellant.

*H. L. Green* for respondents.

TRIMBLE, J.—This suit was instituted before a justice of the peace to recover of defendants the sum of $40.15 with interest. A man by the name of Graham, in Excelsior Springs, applied to one Morse, for insurance on certain property there. Morse applied to plaintiff Walmsley, an insurance broker in Kansas City, to procure the insurance for Graham. Walmsley placed a part of the insurance with defendants, as agents of a western insurance company, and the rest with Fowler & Sons as agents of other companies. Policies from all these companies were issued by the respective agencies representing each.

It seems that there is a custom among the insurance agents of Kansas City, where insurance has been placed by them in each other's companies, to have a settlement at the end of the month, and for the one that owed the other a balance on that month's business to settle it by sending the other a check for such balance. At the close of the month, defendants, in settlement of the business between them and Walmsley, took out of the amount they owed him, the amount of the Graham insurance premium and sent him a check for the bal-

ance. Walmsley made no objection to this at the time. Before Graham paid any of the premiums, he died and the property burned and the companies in which it was insured went into the hands of receivers and could pay nothing on the insuracne. Walmsley then attempted to collect the premiums from the Graham estate, but as the insurance was worthless, the probate court decided against Walmsley's claims. He then demanded of defendants payment of the amount of such premiums they had received from him, but, as they had paid them over to the receivers of the company they represented, they declined to return the money. The case was appealed from the justice court to the circuit court where a jury was waived and a trial had by the court, and judgment rendered for the defendant, and plaintiff appealed.

Appellant bases his right to recover on the proposition that, as respondent took the amount of the premiums out of the money they owed to appellant, they did so without appellant's consent, and therefore, respondents are liable as for money had and received. There were no declarations of law or findings of fact asked or given. Hence we do not know precisely on what facts or theory the court found for defendant. Nor can we tell just when the insurance companies failed. But the evidence does show that in placing the insurance with respondents, appellant Walmsley was acting as agent for Graham. Respondents insured the property and took the premiums due thereon out of money belonging to Walmsley with his knowledge and to which he did not object. Walmsley, therefore, in effect, voluntarily paid to respondents the premium for and on behalf of Graham and then attempted to recover it from Graham's estate. In the meantime the receivers had collected this money from respondents so advanced by Walmsley, and hence it was the same as if Walmsley had advanced directly to the company enough money to pay Graham's pre-

mium, and the company, by reason of insolvency, was unable to return it. That respondents did not appropriate appellant's money to the payment of said premiums without his consent is shown by appellant's statement on which suit was brought, as it reads "to amount advanced three years ago on Graham insurance at Excelsior Springs, Missouri, Walla Walla, premium, with three years interest at six per cent."

If he *advanced* it, he must have done so for and on behalf of Graham. And having advanced it, the respondents cannot be said to have appropriated it without his authority or consent. And when he advanced it to the agents it became money in the agent's hands belonging to the company which the receivers could compel the agents to turn over to them. The judgment is for the right party and is, thereofre, affirmed. All concur.